**ELECTRONIC MEMORIES AND MAGNETICS CORPORATION, etc., Plaintiff,**

v.

**UNITED STATES of America, etc., et al., Defendants.**

**No. CV 76–1755–AAH.**

United States District Court,
C. D. California.

May 6, 1977.

358

Gibson, Dunn & Crutcher by Theodore B. Olson, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Roger E. West, Asst. U. S. Atty. by Asst. U. S. Atty. Clifford R. Wilson, Los Angeles, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This matter came on for hearing on defendants' Motion for Summary Judgment, before the Honorable A. Andrew Hauk, United States District Judge, on April 18, 1977, plaintiff appearing by and through its counsel, Gibson, Dunn & Crutcher, by Theodore B. Olson, and defendants being represented by their counsel, William D. Keller, United States Attorney, Frederick M. Brosio, Jr., Assistant United States Attorney, Chief, Civil Division, Roger E. West, Assistant United States Attorney, by Assistant United States Attorney Clifford R. Wilson. The Court desired to inspect the Reports of Investigation *in camera,* and the defendants submitted those documents on April 20, 1977. This matter came on for hearing again on April 25, 1977. The Court, having considered the pleadings, briefs, memoranda and other documents herein, the documents inspected *in camera,* as well as oral argument, and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### I

On August 25, 1975, plaintiff requested a copy of the Report or Reports of Investigation pertaining to Los Angeles penalty case No. 73–2704–11973.

### II

On September 16, 1975, this request was denied by the Regional Commissioner of Customs in Los Angeles on the basis that the report or reports are exempt from disclosure for the reason that they are investigatory records compiled for law enforcement purposes.

### III

This decision was appealed by the plaintiff on October 16, 1975, to the Commissioner of Customs.

### IV

On July 20, 1976, the appeal was denied by the Acting Commissioner of Customs.

### V

On September 29, 1975, plaintiff supplemented its original request, and sought, in addition to the Report of Investigation, the following:

1. The specific internal memoranda, correspondence, or other documents taken from Electronic Memories and Magnetics' files upon which Customs based its determination that Electronic Memories and Magnetics intentionally violated Section 592;

2. The identity of any person, excluding Jack McWilliams, who has stated to Customs that he or she believes that Electronic Memories and Magnetics intentionally violated Section 592;

3. The basis, including any Customs Service rulings, upon which Customs used 10 percent as the "usual profit" for the purposes of determining loss of revenue.

### VI

On January 19, 1976, plaintiff again supplemented its original request by requesting the following:

1. Any and all statements of policy, procedures, interpretive memoranda, instructions to staff, and/or guidelines relative to administrative determinations of penalties and/or forfeitures, and the amount thereof, pursuant to 19 U.S.C. § 1592;

2. Any and all statements of policy, procedures, interpretative memoranda, instructions to staff, and/or guidelines relative to administrative determinations of mitigation or remission under 19 U.S.C. § 1618 of penalties assessed under 19 U.S.C. § 1592 and the amount thereof;

3. Any and all statements of policy, procedures, interpretive memoranda, instructions to staff, and/or guidelines relative to the multipliers omitted from the published version of Revision 1 of the Guidelines for the Remission or Mitigation of Forfeitures and Claims for Forfeiture Value dated October 31, 1974;

4. Any and all additional statements of policy, procedures, interpretative memoranda, instructions to staff and/or guidelines, whether formal or informal relative to the subjects referred to in the Guidelines for the Remission or Mitigation of Forfeitures and Claims for Forfeiture Value dated October 31, 1974;

5. In connection with all cases where the final mitigated penalty was in excess of $5,000, copies of all opinions or determinations, including concurring or dissenting opinions, as well as orders, within five years prior to the date of this letter, mitigating or remitting penalties for forfeiture pursuant to 19 U.S.C. § 1618 in connection with the penalties or forfeitures assessed under 19 U.S.C. § 1592·

6. A full, complete narrative explanation of all factual determinations relative to the decision expressed in the letter dated July 2, 1975, to Stein and Shostak relative to Electronic Memories and Magnetics from the Acting District Director of Customs, Los Angeles, mitigating the claim for forfei-

ture value against Electronic Memories and Magnetics to "$3,643,000 provided that the actual loss of revenue, $198,239.000 (sic) is deposited as withheld duties." Such explanation should include all calculations and the basis for the determination of any and all such calculations; and

7. All staff manuals and instructions to staff relative to the assessment of penalties and the amount thereof pursuant to 19 U.S.C. § 1592 and mitigation or remission of penalties pursuant to 19 U.S.C. § 1618.

### VII

On July 21, 1976, the Assistant Commissioner granted in part and denied in part the supplemental requests of plaintiff. Of the documents requested by plaintiff, listed above, the following were disclosed to plaintiff: Paragraph V, Request No. 3, Paragraph VI, Request Nos. 1, 2, 4, and 7. Paragraph VI, Request No. 3 has been disclosed to plaintiff except for the multipliers encompassed within the request.

### VIII

■ The Reports of Investigation pertaining to Los Angeles penalty case No. 73–2704–11973 are investigatory records compiled for law enforcement purposes, the disclosure of which would interfere with enforcement proceedings.

### IX

■ Portions of the Reports of Investigation are intra-agency memoranda which would not be available by law to a party other than an agency in litigation with the agency.

### X

Portions of the Reports of Investigation would, if disclosed, constitute an unwarranted invasion of personal privacy.

### XI

Portions of the Reports of Investigation would, if disclosed, reveal investigative techniques and procedures.

## XII

■ Plaintiff's requests for documents taken from Electronic Memories and Magnetics' file is not a request for agency records. However, pursuant to an Order entered in a previous case, defendant was required to return all of these documents and copies thereof, in its possession. This Order has been complied with.

## XIII

■ Plaintiff's above stated request for identities of persons is not a request for agency records. Further, such identities, if disclosed, would reveal the identities of confidential sources.

## XIV

■ The above stated request for information concerning multipliers utilized by the United States Customs Service is a request for intra-agency memoranda which would not be available by law to a party other than an agency in litigation with the agency, and therefore, plaintiff is not entitled to such information.

## XV

■ The above stated request for copies of prior United States Customs Service opinions or determinations upon requests for mitigation of penalties does not reasonably describe the records desired by plaintiff. Plaintiff therefore fails to meet the requirements of the Freedom of Information Act with respect to this request. If the request met the requisite specificity, such opinions would contain commercial and financial information obtained from persons which are privileged and confidential, and disclosure of such opinions or determinations would result in the release of information pertaining to a person or persons other than the requestor.

## XVI

■ Plaintiff's request for a narrative explanation of all factual determinations relative to a decision of the agency concerning plaintiff is not a request for agency records, and if granted, would require the preparation of a document. Plaintiff is not entitled to such relief under the Freedom of Information Act.

## XVII

Any Findings of Fact deemed to be conclusions of law are hereby incorporated into Conclusions of Law.

## CONCLUSIONS OF LAW

### I

The Reports of Investigation requested by plaintiff are exempt from disclosure under 5 U.S.C. § 552(b)(7)(A). In addition, portions of the report or reports are exempt from disclosure under 5 U.S.C. § 552(b)(5) as intra-agency memoranda which would not be available by law to a party other than an agency in litigation with the agency and additionally are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(C), as material, which if disclosed, would constitute an unwarranted invasion of personal privacy. Further, portions of the Reports of Investigation are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E), as material which if disclosed, would reveal investigative techniques and procedures.

### II

Plaintiff's above states request for internal memoranda, correspondence, or other documents taken from Electronic Memories and Magnetics' file is not a request for agency records within the scope of 5 U.S.C. § 552(a)(2)(B).

### III

The above stated request by plaintiff for identities of individuals does not call for the production of any record as required by 5 U.S.C. § 552(a)(2)(B). Such request, on the facts of this case, even if proper under the Act, would reveal the identities of confidential sources, and would therefore be exempted from disclosure under 5 U.S.C. § 552(b)(7)(D). Further, such request, on the facts of this case, even if proper under the Act would constitute an unwarranted invasion of personal privacy and would therefore be exempted from disclosure under 5 U.S.C. § 552(b)(7)(C).

### IV

The above stated request for information related to the multipliers is a request for

documents which are exempt from disclosure under 5 U.S.C. § 552(b)(5) as intra-agency memoranda not available by law to a party other than an agency in litigation with the agency.

V

Plaintiff's above stated request for opinions or determinations upon applications for mitigation of penalties does not reasonably describe records desired by plaintiff as required by 5 U.S.C. § 552(a)3. Assuming, *arguendo*, that such request did reasonably describe records, such request would call for documents which would contain commercial and financial information obtained from persons other than the requestor, and would therefore be exempt under 5 U.S.C. § 552(b)(7)(C).

VI

Plaintiff's request for a full and complete narrative explanation of all factual determinations is not a request for agency records under 5 U.S.C. § 552(a)(2)(B).

VII

Plaintiff is not entitled in this action, to the remaining injunctive and declaratory relief which it seeks. See *Renegotiation Board v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974).

VIII

There is no genuine triable issue of material fact herein, and defendants are entitled to judgment as a matter of law.

IX

Any Conclusions of Law deemed to be findings of fact are hereby incorporated into Findings of Fact.

Let judgment be entered accordingly.