**VEREINIGTE VAUBESCHLAGFABRIK-EN GRETSCH & CO., GmbH, Plaintiff,**

v.

**The UNITED STATES TREASURY DEPARTMENT et al., Defendants.**

**Civ. A. No. 76–1000.**

United States District Court, District of Columbia, Civil Division.

Aug. 31, 1977.

Donald D. Evenson, Washington, D.C., for plaintiff.

Stephen S. Cowen, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

I. *Introduction.*

In this Freedom of Information Act suit, the parties are before the Court on cross-motions for summary judgment, as well as plaintiff's motion for a protective order and defendants' opposition thereto. For the reasons hereinafter set forth, we grant defendants' motion for summary judgment.

II. *Factual Background.*

Plaintiff addressed its initial request for records under the Freedom of Information

Act, 5 U.S.C. § 552, to the United States Customs Service on March 5, 1976. A supplemental letter expanding the scope of plaintiff's request, dated March 31, 1976, was forwarded to the Director, Classification and Value Division, Office of Regulations and Rulings, U. S. Customs Service. On April 16, 1976, the Assistant Commissioner, Office of Regulations and Rulings (the Customs official charged by regulation with making initial determinations under the FOIA) issued a partial denial of plaintiff's request.

On April 30, 1976, plaintiff filed an appeal with the Customs Service from the Assistant Commissioner's decision. The Service requested, on May 18, 1976, a voluntary extension of thirty days within which to respond to plaintiff's appeal. (The response was due on June 12, 1976). By letter dated May 28, 1976, plaintiff denied the request for a voluntary extension.

On June 7, 1976, plaintiff filed a complaint in this Court requesting, inter alia, that the U. S. Customs Service make available to the plaintiff the documentation requested and referred to in plaintiff's appeal of April 30, 1976.

Since the filing of the complaint, the Customs Service has released five documents:

(1) A letter dated June 16, 1975, from the Chairman of the International Trade Commission to Vernon D. Acree, Commissioner of Customs;

(2) A memorandum dated June 17, 1975, from Ben L. Irvin to James J. Featherstone;

(3) An August 13, 1975 letter from William D. Kane, Customs Representative, Bonn Republic of West Germany, to Mario Cozzi, Chief, Foreign Investigations Branch, Customs Headquarters;

(4) A December 29, 1975 memorandum from the Commissioner of Customs to David R. MacDonald, Assistant Treasury Secretary (Enforcement, Operations, and Tariff Affairs); and

(5) A memorandum dated August 4, 1975 from B. J. Victor to the File.

Each of the above documents was previously claimed to be exempt in its entirety. Four additional documents described in the March 2, 1977 affidavit of Vernon D. Acree, Commissioner of Customs, at ¶¶ 13, 15, 16, 17 (hereinafter the "Acree affidavit") which were previously withheld, have been partially disclosed. The Acree affidavit is attached to defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment.

A letter dated May 6, 1975, to Senator Henry Jackson from Ivor I. Allsop, has also recently been released. Therefore, the partial or complete nondisclosure by the defendants of ten documents identified and described in the Acree affidavit are the issues to be here resolved.

III. *Documents at Issue.*

Plaintiff segregates the documents here at issue into three categories:

(1) Documents earlier identified but for which the Agency has allegedly asserted no exemption;

(2) Exemption 4 documents;

(3) Exemption 5 documents.

(1) *Documents for which no exemption is allegedly claimed.* In this category, four documents are sought. The first of these is a memorandum dated June 1, 1976 from Linda Potts to Marylin Austin. This document has been released to plaintiff.

The second and third documents are a letter and attachment from B to the U. S. Customs Service, Washington, D. C. dated March 8, 1974, and a Translation of General Terms of Delivery and Payment concerning C. These documents are described in paragraphs 2–4 of the April 19, 1977 affidavit of Leonard Lehman, Assistant Commissioner of Customs, Office of Regulations and Rulings, U. S. Customs Service (hereinafter "Lehman affidavit"), which affidavit is attached to defendants' Response to Plaintiff's Statement of Material Facts. These documents had been listed as exempt in Mr. Lehman's April 28, 1976 letter to plaintiff, which was the initial agency response to plaintiff's FOIA requests, and specified

each document for which an exemption had been claimed.

Defendants state that due to the confidential and commercial nature of these two documents, exemption 4 is applicable. Hence, the documents have been withheld in their entirety. In light of this assertion, we will consider these two documents with the other exemption 4 claims.

The final document in this category is the May 6, 1975 letter from Mr. Allsop to Senator Jackson which, as previously stated, has recently been released.

2. *Exemption 4 documents.* Section 552(b)(4) of the Act exempts:

"(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;"

■ To qualify under this exemption, the requirements are that the information is (1) commercial or financial, (2) obtained from a person, and (3) privileged or confidential. *Getman v. N L R B*, 146 U.S.App.D.C. 209, 450 F.2d 670, 673 (1971) *quoting Consumers Union of United States, Inc. v. Veterans Administration*, 301 F.Supp. 796, 802 (S.D. N.Y.1969), *appeal dismissed*, 436 F.2d 1363 (2d Cir. 1971); *National Parks and Conservation Association v. Morton*, 162 U.S.App. D.C. 223, 498 F.2d 765, 766 (1974).

■ For the purposes of exemption 4, commercial or financial information is confidential if the information is likely to have either of the following effects:

(1) to impair the Government's ability to obtain necessary information in the future; or

(2) to cause substantial harm to the competitive position of the person from whom the information was obtained. *National Parks and Conservation Ass'n v. Morton, supra* at 770.

Plaintiff in requesting the documents for which exemption 4 has been claimed, states that it does not seek documents containing only proprietary business information. Plaintiff merely prays for *in camera* verification by the Court of the defendants' assertion that all information included in those documents is properly characterized as confidential commercial data and, hence, within the scope of exemption 4. Plaintiff additionally states that since only four (now six) documents are at issue, *in camera* inspection by the Court would not be unduly burdensome.

■ Defendants respond that *in camera* inspection is unnecessary in light of the complete justification for the exemption claims set forth in the Acree and Lehman affidavits. Defendants also note that *in camera* review of withheld documents is not automatic under the FOIA. We agree.

■ The Acree and Lehman affidavits filed in support of the claimed exemptions are detailed and comprehensive. (Acree Affidavit, ¶¶ 7–11; Lehman Affidavit, ¶¶ 3–4). Those statements do not attempt, in our view, to assert broad unfounded claims of exemption. Rather, defendants present substantial well-documented statements regarding their need to acquire and protect the exempted information in order to properly execute their enforcement responsibilities under the Anti-Dumping Act, 19 U.S.C. §§ 160–73. We believe such statements are a sufficient showing that the documents or portions thereof claimed to be exempt are entitled to protection under exemption 4. *National Parks Ass'n v. Morton, supra* at 766.

■ Plaintiff does not offer, nor are we able to discern from the record, any indicia of bad faith or lack of specificity on the part of defendants. Absent such a showing, we do not believe that an *in camera* inspection is necessary, irrespective of the number of documents involved.

Defendants' motion for summary judgment regarding the exemption 4 documents is therefore granted without *in camera* inspection of the deleted material.

3. *Exemption 5 documents.* Section 552(b)(5) of the Act exempts from disclosure:

"(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;"

Defendants have withheld five documents under this claim of exemption. Defendants, to support their claim, rely in part upon the Government's executive privilege as it relates to "the policy of protecting the 'decision-making processes of government agencies.'" *N L R B v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975). The defendants further note that the executive privilege cases focus on documents, such as those here exempted, reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.

By way of response, plaintiff contends that the documents allegedly protected by exemption 5· constitute certain final decisions made by the Secretary of the Treasury during the course of the anti-dumping proceeding from which this litigation arose. Plaintiff, citing *N L R B v. Sears, Roebuck & Co., supra* at 148, 95 S.Ct. at 1515 (1975), concludes that as a "final opinion . . . made in the adjudication of cases" the documents are not protected by exemption 5. We are left to determine whether these documents, as alleged, can properly be characterized as relating to a final opinion or decision for the purpose of this exemption.

(A) Documents 1–4.

■ Documents 1–4 contain information relating to the decision of the Secretary not to refer the dumping complaint to the International Trade Commission (hereinafter "ITC") for a preliminary investigation into whether merchandise was being sold at less than its fair value (hereinafter "LTFV"). A detailed description of the documents is part of the record. (Acree Affidavit, ¶¶ 13, 15–17). The statutory scheme requires a referral to the ITC by the Secretary if a substantial doubt exists in the mind of the Secretary that a U.S. industry is being injured as a result of illegal dumping activities. 19 U.S.C. § 160(c)(2). If, however, the Secretary determines on the basis of the evidence submitted by the complainants, that merchandise in fact is being, or is likely to be, sold in the United States or elsewhere at less than its fair value, the

Secretary initiates an investigation by publishing an "Antidumping Proceeding Notice" (hereinafter "APN") in the Federal Register. 19 U.S.C. § 160(c)(1); 19 CFR § 153.30 (1977). The APN, therefore, is the Secretary's official basis for the commencement of a full blown LTFV investigation. In this case, the Secretary determined that sufficient evidence existed to justify an immediate investigation. The intermediate step of referral to the ITC was deemed unnecessary. Such a decision is obviously within the Secretary's discretion and is one which he can change or revoke, should in his judgment the circumstances require. 19 U.S.C. § 160(c)(2).

■ The procedural decision to bypass the ITC, therefore, can hardly be characterized as a final opinion or decision for the purposes of exemption 5. Since these documents lack this essential element of finality, they are protected under this exemption by the policy of executive privilege which insulates the decision-making · processes of government agencies from public exposure. *EPA v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827, 35 L.Ed.2d 119 (1972).

In sum, we hold documents 1–4 to be cloaked with the privilege of predecisional agency communication, and that the portions withheld or deleted are covered by exemption 5.

(B) Document 5.

■ This final document is an undated three-page intra-agency memorandum containing an analysis of the level of trade adjustments to be applied in the instant as well as in prospective anti-dumping proceedings. (Acree Affidavit, ¶ 14; Lehman Affidavit, ¶ 6). As a staff recommendation to a superior, it is clearly predecisional and exempted in its entirety under exemption 5.

Therefore, defendants' motion for summary judgment with respect to all exemption 5 documents is granted.

An Order consistent with the above has been entered this day.