**HYDRON LABORATORIES, INC.**

v.

**ENVIRONMENTAL PROTECTION AGENCY, et al.**

**Civ. A. No. 82–0166 S.**

United States District Court, Rhode Island.

April 1, 1983.

---

Adler, Pollock & Sheehan by John F. Bomster, David J. Oliveria, Providence, R.I., for plaintiff.

Carl Stress, Atty., Land & Natural Resources Div., Dept. of Justice, Washington, D.C., Philip R. Boxell, EPA Region One, Boston, Mass., Lincoln C. Almond, U.S. Atty., Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., for defendants.

## MEMORANDUM AND ORDER

SELYA, District Judge.

This litigation arises out of a demand proffered on December 15, 1981 by the United States Environmental Protection Agency ("EPA") that Hydron Laboratories, Inc. ("Hydron"), plaintiff herein, as an alleged substantial contributor to the accumulation of illegal hazardous wastes at the so-called Picillo pig farm in Coventry, Rhode Island (the "Site"), formulate a comprehensive proposal for clean-up at the Site. After an ensuing meeting and other contacts between the parties, Hydron on February 12, 1982 formally requested certain data from EPA pursuant to 5 U.S.C. § 552, the so-called Freedom of Information Act

("FOIA"). A copy of the demand portion of Hydron's February 12 request is annexed hereto as Appendix A. EPA demurred, claiming the benefit of various FOIA exemptions.[1] The plaintiff thereupon brought the instant action to compel disclosure pursuant to the jurisdictional grant of 5 U.S.C. § 552(a)(4)(B).

The defendant has now moved for summary judgment, claiming that the file materials which are the target of Hydron's amended complaint are (i) "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," and thus protected under 5 U.S.C. § 552(b)(5); and-or (ii) "investigatory records compiled for law enforcement purposes," as to which "production of such records would interfere with enforcement," and thus protected by 5 U.S.C. § 552(b)(7)(A); and-or (iii) exempt from disclosure as "investigatory records . . . [that would] disclose the identity of a confidential source" under 5 U.S.C. § 552(b)(7)(D). EPA acknowledges its possession of twelve documents which relate to the plaintiff's request. These documents are described in an affidavit of Joel G. Blumstein, an EPA attorney ("Blumstein Affidavit"). Since the institution of suit, the government has tendered two documents to the plaintiff (documents numbered "1" and "12" in the Blumstein Affidavit). An additional record (numbered "2" by Blumstein) was apparently in plaintiff's possession prior to the promulgation of its FOIA request.

The plaintiff has objected to the motion. The plaintiff does not contest the characterization of the documents as set forth in the Blumstein Affidavit. The plaintiff does, however challenge the completeness of the descriptions therein contained. The plaintiff seeks deferral of a ruling and the opportunity for further discovery pursuant to Fed.R.Civ.P. 56(f).[2]

---

1. In the metier of the Site, it might be said that EPA considered the FOIA demand to be swin-

ish, and declined to dignify it by transmittal of its collocated pearls of documentary wisdom.

2. The plaintiff has filed an affidavit in compli-

To prevail on a motion for summary judgment in FOIA litigation, the target agency must show that each identifiable document is wholly exempt from FOIA's inspection requirements. *Exxon Corp. v. Federal Trade Commission,* 663 F.2d 120, 126 (D.C.Cir.1980); *Goland v. Central Intelligence Agency,* 607 F.2d 339, 352 (D.C.Cir. 1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 62 L.Ed.2d 759 (1980); *National Cable Television Association, Inc. v. Federal Communications Commission,* 479 F.2d 183, 186 (D.C.Cir.1973); *Pacheco v. Federal Bureau of Investigation,* 470 F.Supp. 1091, 1110 (D.P.R.1979). To satisfy this burden, the agency must furnish a detailed description of the contents of the withheld materials and the reasons for the non-disclosure, correlating specific FOIA exemptions with relevant portions of the withheld material. *Orion Research Inc. v. EPA,* 615 F.2d 551, 553 (1st Cir.1980); *Vaughn v. Rosen,* 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). In addition, where, as here, the party seeking documents puts into legitimate question the adequacy and thoroughness of the government's search, the agency must satisfactorily detail the procedures used in conducting the search. *Perry v. Block,* 684 F.2d 121, 126 (D.C.Cir.1982); *Founding Church of Scientology v. National Security Agency,* 610 F.2d 824, 836–37 (D.C. Cir.1979). An inadequate recital of retrieval procedures (or an adequate recital which describes at bottom an inadequate search) necessitates denial of summary judgment. *Perry v. Block,* 684 F.2d at 126; *Founding Church of Scientology v. National Security Agency,* 610 F.2d at 837. The Court may, in its discretion, allow further discovery by the requesting party in order to provide the requester with a reasonable opportunity either to identify and-or to obtain facts which might bear on the substantive propriety of the pending motion for summary judgment.

56(f), Fed.R.Civ.P.; *see Londrigan v. Federal Bureau of Investigation,* 670 F.2d 1164, 1175 (D.C.Cir.1981); *Giza v. Secretary of Health, Education & Welfare,* 628 F.2d 748, 751 (1st Cir.1980); *Weisberg v. United States,* 627 F.2d 365, 370–71 (D.C.Cir.1980); *Murphy v. Federal Bureau of Investigation,* 490 F.Supp. 1134, 1137 (D.D.C.1980).

The Blumstein Affidavit is somewhat cursory in terms of delineation of document contents, at least when measured by the standards of *Orion Research Inc. v. EPA* and *Vaughn v. Rosen,* both *supra*.[3] The Court need not reach this issue, however, as there is a more glaring problem on the instant record. Plaintiff, on September 29, 1982, took the deposition of Donald Berger, an EPA engineer responsible for certain aspects of clean-up at the Site. Plaintiff at that time put squarely in issue whether or not the defendants had carried out a detailed and diligent search for relevant records. *See, e.g.,* Berger Deposition at 36–38. Questions appertaining to the extent and methodology of the search are not adequately addressed by the supporting materials presently of record in the action.

Further, during that deposition, Berger alluded to a number of additional documents, over and above the twelve originally described in the Blumstein Affidavit. Berger Deposition at 28–29, 31, 35–36, 62–63. The defendants indicated that these would either be furnished, or that in lieu of delivery, a supplementary *Vaughn* affidavit would be filed. *Id.* at, *e.g.,* 37, 63. A dispute also arose during the deposition as to whether or not a "Form 55" document existed and-or was subject to production under the FOIA request. *Id.* at 47. The parties each soliloquize in their respective briefs as to these points, the plaintiff contending that it has been thwarted in its efforts to pinpoint additional documentation, and the defendants alleging that they

ance with Rule 56(f) averring that it has insufficient information at present to oppose the defendants' motion for summary judgment.

**3.** The Court's concern in this respect is addressed particularly to whether or not the Court can ascertain, from the Blumstein Affidavit, if there is or may be non-exempt material excisable from the documents. *See EPA v. Mink,* 410 U.S. 73, 91, 93 S.Ct. 827, 838, 35 L.Ed.2d 119 (1973); *Irons v. Bell,* 596 F.2d 468, 475–76 (1st Cir.1979).

have indeed kept their deposition promises, and have delivered whatever further documents there may be.

◼ The basic problem, however, is that the parties have done this in-fighting largely in private; and neither has seen fit properly to address the record before this Court. The plaintiff, for its part, has not deigned to file a motion to compel; and the defendants have not bestirred themselves to file either a supplementary *Vaughn* affidavit or an affidavit of compliance with their aforementioned representations. Thus, the existence and status of the supposed additional documents remains, in the perspective of the record, enswathed in mystery.[4]

◼ Summary judgment requires a plain showing that the movant is entitled to judgment as a matter of law. *Mack v. Cape Elizabeth School Board,* 553 F.2d 720, 722 (1st Cir.1977). This Court has previously cited with approval a graphic simile penned by Judge Coffin, which seems peculiarly appropriate in this matter, given both the posture of the pending motion and the subject matter of the underlying squabble: "[S]ummary judgment is a judicial device available only when the effluent stream of controversy has been purified by the exclusion of any genuine issues of material fact..." *General Electric Co. v. United States Dynamics, Inc.,* 403 F.2d 933, 934 (1st Cir.1968), *quoted with approval in Milene Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1292 (D.R.I.1982).

◼ On this deficient record, and without the benefit of a crystal ball, the Court is constrained to conclude that the putative existence of genuine issues as to two material facts, viz., (i) the thoroughness of the EPA's document search and (ii) the identification of all data germane to the FOIA request, remain unresolved. Absent purification of the effluent stream to this extent, *brevis* disposition appears premature.[5]

The Court will, therefore, deny the instant motion for summary judgment without prejudice to its renewal at any time on or after June 1, 1983. In the interim, plaintiff shall be permitted to conduct with all practicable celerity further discovery limited to the methodology, extent and adequacy of defendants' record search, and the existence and identification of documents (if any there be) incremental to those specifically enumerated in the Blumstein Affidavit. The defendants are ordered to afford reasonable cooperation to the plaintiff in respect to the foregoing. The defendants shall, prior to re-institution of the instant motion, file an updated *Vaughn* affidavit in accordance with the teachings of this opinion.

◼ There is also before the Court the plaintiff's motion for counsel fees pursuant to 5 U.S.C. § 552(a)(4)(E) and Fed.R.Civ.P. 37. Insofar as this motion is brought under FOIA, it is premature; the Court will not deal piecemeal with questions appertaining to alleged statutory entitlement to attorneys' fees. *Cf. Crooker v. United States Department of Justice,* 632 F.2d 916, 922 (1st Cir.1980); *Westinghouse Electric Corp. v. NLRB,* 497 F.Supp. 82, 83–84 (W.D.Pa. 1980). In the Court's view, this antipathy for needless fragmentation of unitary issues is of a piece with the Court's reluctance to

---

4. The Court does not in any way endorse the instant FOIA demand as a suitable one. FOIA is not a discovery statute *per se. Baldridge v. Shapiro,* 455 U.S. 345, 360 n. 14, 102 S.Ct. 1103, 1112 n. 14, 71 L.Ed.2d 199 (1982); *Brown v. Federal Bureau of Investigation,* 658 F.2d 71, 75 (2nd Cir.1981); *cf. Columbia Packing Co. v. United States Department of Agriculture,* 563 F.2d 495, 499 (1st Cir.1977). Paragraphs 1 and 2 of the FOIA request may very well be open to attack as improper, *see, e.g., Borom v. Crawford,* 651 F.2d 500, 502 (7th Cir.1981); *Krohn v. Department of Justice,* 628 F.2d 195, 197–198 (D.C.Cir.1980); *Electronic Memories and Mag-*

*netics Corp. v. United States,* 431 F.Supp. 356, 360 (C.D.Cal.1977). But, this issue should not be addressed in a vacuum; and it is not directly before the Court on the present record.

5. For the same reasons, plaintiff's request that the Court review the disputed documents *in camera* need not be acted upon at this point in time. Such inspection is to be avoided unless it appears to be reasonably required, *Brinton v. Department of State,* 636 F.2d 600, 603 (D.C. Cir.1980); and this determination logically should await the further development of the record contemplated hereby.

reach the merits of the FOIA issues on an incomplete record. Insofar as the last-mentioned motion implicates the asserted failure of Berger to answer questions at his deposition, the Court notes that the issue of the thoroughness of the defendant's record search was not fairly raised in advance of the deposition itself. The plaintiff failed to exercise any demonstrable diligence in follow-up efforts either to secure identification of additional documents or to zero in on the possible inadequacy of the defendants' search (for example, no motion to compel Berger to answer more fully has ever been filed). The present record does not call into play circumstances warranting the imposition of sanctions by way of an award of counsel fees. This motion is therefore, in its Rule 37 aspects, denied.

IT IS SO ORDERED.

## APPENDIX A

1. The names of any and all entities, persons, corporations, partnerships and-or businesses which have been identified as possible responsible parties under the Comprehensive Environmental Response, Compensation and Libility [sic] Act (CERCLA) at the Piccillo [sic] Waste Disposal Site in Conventry, [sic] Rhode Island (the "Site").

2. The names of any entities, forms, corporations, persons, partnerships, and-or businesses which appear on any drums located at the Site.

3. Copies of all reports, evaluations relating to the circumstances pursuant to which any such drums referred to in Paragraph 2 came to be at the Site.

4. Copies of any reports or evaluations concerning the status, responsibility, involvement or liability of any one of the companies set forth on Exhibit A annexed hereto and made a part hereof with regard to the condition at the Site.