Stanley W. LANDFAIR, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
the ARMY, Defendant.

Civ. A. No. 85–1421.

United States District Court,
District of Columbia.

March 27, 1986.

Herbert L. Fenster, Raymond S.E. Push-kar, Washington, D.C., for plaintiff.

Melanie Ann Pustay, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1982), *as amended by* Pub.L. No. 98–620, 98 Stat. 3335 (1984), in which plaintiff seeks disclosure of information maintained in records by defendant pertaining to actions planned or considered by defendant to correct the performance deficiencies of the hydraulic turbines installed by Hitachi America, Ltd. at the Chief Joseph Dam (the Dam) in the State of Washington. Defendant contends that it has released all information capable of being retrieved and proper for disclosure under the FOIA. Presently before the Court is the motion of defendant for summary judgment. After consideration of the motion, the opposition, the memoranda and affidavits submitted by the parties, the Court finds that defendant has properly responded to plaintiff's FOIA request. The Court, therefore, will grant the motion of defendant for summary judgment.

### I.

Between December 14, 1983, and April 1, 1985, plaintiff filed numerous FOIA requests with defendant for information pertaining to the performance deficiencies of the hydroelectric turbines at the Dam.*

---

* Plaintiff is a member of the law firm, McKenna, Conner & Cuneo, which represents Hitachi

The record reflects that approximately 4,000 pages of material were released to plaintiff without excisions. Plaintiff filed his complaint in the instant action on May 2, 1985, challenging, in four separate counts, the nondisclosure of ninety pages of material withheld by defendant. Since the initiation of this action, plaintiff has received the documents discussed in Counts II, III, and IV of his complaint. This being so, those counts are now moot.

With respect to the documents requested in Count I, plaintiff opposes the withholding of ten documents enumerated as exhibits A and B and H through O. Defendant contends that exhibits A and B have been withheld pursuant to FOIA exemption (b)(4) which provides, in short, for the non-disclosure of confidential commercial information obtained by the Government from an outside party. 5 U.S.C. § 552(b)(4). As to exhibits H through O, defendant maintains that they are intra-agency memoranda or letters which reflect the deliberative process of the agency and are thus protected as privileged documents.

Although plaintiff does not refute the contents of the withheld documents, he asserts his entitlement to those portions of the documents which contain factual information and are segregable from otherwise exempt portions of the documents. *See* 5 U.S.C. § 552(b). He further argues that he has not been provided with a sufficiently detailed portion of the exhibits which have been redacted. As the scope of his request has been reduced to ten documents, he requests that defendant be directed to provide those documents for the Court's *in camera* inspection.

■ A court will grant a motion for summary judgment only when it is convinced that the moving party has met its burden of establishing that there are no genuine issues of material fact in dispute. Fed.R. Civ.P. 56(c). In order to prevail on a motion for summary judgment in FOIA litigation, "the target agency must show that

each identifiable· document is wholly exempt from FOIA's inspection requirements." *Hydron Laboratories, Inc. v. Environmental Protection Agency*, 560 F.Supp. 718, 721 (D.R.I.1983); *Exxon Corporation v. Federal Trade Commission*, 663 F.2d 120, 126 (D.C.Cir.1980). Moreover, the agency must sustain its burden through the submission of detailed affidavits which identify the documents at issue and explain why they fall under the claimed exemptions. *See Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C.Cir.1980), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); *Hayden v. National Security Agency*, 608 F.2d 1381, 1387 (D.C. Cir.1979); *cert. denied*, 446 U.S. 137, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980). Based on the pleadings and affidavits submitted in support of the motion, the Court is convinced that defendant has sustained its burden and the entry of summary judgment in its favor is appropriate.

## II.

*Exemption (b)(4)*

■ Defendant has provided plaintiff with exhibits A and B with several excisions and maintains that the excluded portions are exempt from disclosure under 5 U.S.C. § 552(b)(4). Exemption (b)(4) protects from disclosure information which is (a) commercial or financial, and (b) obtained from a person, and (c) confidential or privileged. *See Gulf & Western Industries, Inc. v. United States*, 615 F.2d 527, 529 (D.C.Cir.1980). Examples of items generally regarded as commercial or financial information include: business sales statistics, research data, technical designs, overhead and operating costs, and information on financial condition. *See Washington Post Co. v. HHS*, 690 F.2d 252, 266 (D.C.Cir. 1982). As to the second of exemption (b)(4)'s specific criteria, the term "person" refers to a wide range of entities, including corporations. *Comstock International v.*

America, Ltd., the manufacturer of the hydraulic turbines at the Dam, and on whose behalf

the FOIA requests were made.

*Export-Import Bank,* 464 F.Supp. 804, 806 (D.C.Cir.1979).

 Finally, information qualifies as "confidential" under either test articulated by our Court of Appeals in *National Parks and Conservation Association v. Morton,* 498 F.2d 765 (D.D.C.1974):

> To summarize, commercial or financial matter is "confidential" for purposes of the exemption if disclosure of the information is likely to have either of the following effects: (1) impair the Government's ability to obtain necessary information in the future; or (2) cause substantial harm to the competitive position of the person from whom the information was obtained.

*Id.* at 770 (hereinafter *National Parks*). In order to withhold information under the first test, the agency must demonstrate that the information was provided voluntarily and that the business entity would not provide it if it were subject to disclosure. *See Carlisle Tire & Rubber Co. v. United States Customs Service,* Nos. 78–2001, 78–2002, 79–1224, slip op. (D.D.C. November 21, 1979). As to the second test, actual competitive harm need not be demonstrated; evidence of actual competition and the "likelihood of substantial competitive injury is all that need be shown." *Gulf & Western Industries, Inc. v. United States,* 615 F.2d at 530.

Accompanying its motion for summary judgment, defendant has included an affidavit and *Vaughn* index prepared by Gary W. Hudiburgh, Assistant Chief Counsel for Patents and Information Rights in the Office of the Chief of Engineers. According to that affidavit, the information withheld was obtained voluntarily from two companies, Canadian General Electric Company, Ltd., Dominion Engineering Works Division (Dominion), and Allis Chalmers Corporation (Allis), and consists of pricing and design information to assist it in establishing estimates for modification of the turbine deficiencies at the Dam.

According to affidavits submitted by representatives of Dominion and Allis, the information is a result of a substantial investment in time and resources and is, therefore, highly proprietary. Most importantly, however, is the fact that the information contained in the documents was submitted by the companies with the understanding that it would be treated and maintained as confidential. It is argued that release of this information would cause the companies to suffer substantial competitive harm as it reveals their pricing and technical designs prior to a solicitation, if a solicitation to repair the deficiencies is undertaken in the future.

 On the basis of the information before it, the Court is convinced that defendant has demonstrated that exhibits A and B fall within the scope of exemption (b)(4). There is no dispute that the requested information described is either commercial or financial. Unquestionably, information relating to pricing and technical designs constitutes commercial or financial information within the meaning of the exemption. *American Airlines, Inc. v. National Mediation Board,* 588 F.2d 863, 870 (2d Cir. 1978). Nor is there any dispute that the information was obtained from corporations, which qualify as persons under the meaning of the statute. *See Comstock International v. Export-Import Bank,* 464 F.Supp. at 806.

The Court is further convinced that the exhibits are confidential, and exempt under both tests set forth in *National Parks.* First, the record reflects that the disclosure of the information would impair the ability of defendant to obtain similar information in the future. As stated above, it was understood that the information was submitted under assurance of confidentiality. In fact, Dominion and Allis made it abundantly clear in their uncontroverted affidavits that if the information were to be disclosed, they would not have released it in advance of normal bidding procedures. Moreover, defendant has represented that it does not have the ability to compel submission of such information and that the guarantee of confidentiality is essential to voluntary cooperation by the corporations.

*See Carlisle Tire & Rubber v. United States Customs Service*, slip op. at 5.

Exhibits A and B are also exempt under the second *National Parks* test as defendant has demonstrated that their release is likely to cause substantial competitive harm to Dominion and Allis. The record reflects that Dominion, Allis and Hitachi are all competing with each other as designers and manufacturers of hydraulic turbines. In a case where bids were solicited for the correction of the turbine deficiencies, and the technical proposals of Dominion and Allis were revealed, competitors could easily estimate and undercut their bids, thereby causing harm to the corporations competitive positions. *See Gulf & Western Industries v. United States*, 615 F.2d at 530; *Shermco Industries v. Secretary of the Air Force*, 613 F.2d 1314, 1317 (5th Cir.1980); *Braintree Electric Light Department v. Department of Energy*, 494 F.Supp. 287 (D.D.C.1980). Accordingly, in view of the nature of the information and surrounding circumstances, the Court finds a likelihood of serious competitive injury. *Carlisle Tire & Rubber v. United States*, slip op. at 5.

Plaintiff neither disputes the contents of the deleted materials nor refutes that the information contained in the documents may include information subject to protection from disclosure under exemption (b)(4). Nor does plaintiff argue that defendant does not meet either of the *National Parks* tests. Rather, plaintiff argues that "it is obvious" that the disputed documents "must contain segregable portions and factual information that is not exempt from disclosure." As support for his position, plaintiff relies on 5 U.S.C. § 552(b) which provides that: "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under [a FOIA exemption]." In addition, plaintiff argues that the *Vaughn* index submitted by defendant as part of the Hudiburgh affidavit is insufficient as it provides only a brief description of the withheld documents. He requests *in camera* verification by the Court of defendant's

assertion that the information withheld is properly characterized as commercial data and, hence, within the scope of exemption (b)(4). He argues that because only a total of ten documents are at issue, *in camera* inspection by the Court would not be unduly burdensome.

In response, defendant argues that *in camera* inspection is unnecessary in light of the complete justification for the exemption claims set forth in the Hudiburgh affidavit. Defendant also notes that *in camera* review of withheld documents is not automatic under the FOIA.

The Court is convinced that it is not necessary to review the withheld documents *in camera*. First, the Hudiburgh affidavit satisfies the requirements set forth in *Hayden v. National Security Agency*, as the claims for nondisclosure are not merely conclusory, provide specific narrative description surrounding the creation of the disputed documents and set forth specific reasons for the applicability of exemption (b)(4). *See*, 608 F.2d 1381, 1387 (D.C.Cir.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980). Moreover, defendant has provided to plaintiff copies of the documents save for portions excised on the grounds they are exempt from disclosure. It appears that "[l]ittle more could be disclosed without revealing the information sought." *Beltone Electronic Corporation v. Federal Trade Commission*, No. 83–1360, slip op. at 3 (D.D.C. June 14, 1983). Furthermore, plaintiff has not offered, nor can the Court discern from the record, any indicia of bad faith on the part of defendant. Absent such a showing, the Court concludes that an *in camera* inspection is unnecessary irrespective of the number of documents involved. *Vereinigte Vaubeschlagfabriken v. United States Treasury Department*, 435 F.Supp. 1212, 1215 (D.D.C.1977); *See also, Center for Auto Safety v. Environmental Protection Agency*, 731 F.2d 16, at 24 n. 17 (D.C.Cir.1984); *Beltone Electronics Corporation v. Federal Trade Commission*, slip op. at 2–4.

*Exemption (b)(5)*

 Defendant maintains that the excised portions of exhibits H through O are properly exempt from disclosure pursuant to FOIA exemption (b)(5). 5 U.S.C. § 552(b)(5). This exemption protects from disclosure "inter-agency or intra-agency memorandum or letters which would not be available to a party other than an agency in litigation with the agency." It has been construed to "exempt those documents, and only those documents, normally privileged in the civil discovery context." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975). The three primary privileges which this exemption contemplates are the deliberative process privilege, the attorney work-product privilege and the attorney-client privilege. *Id.* at 149, 95 S.Ct. at 1515; *See also Coastal States Gas Corporation v. Department of Energy*, 617 F.2d 854, 862 (D.C.Cir.1980). Within this context, the exemption protects from disclosure "recommendations, draft documents, proposals, suggestions and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* at 866. In essence, this exemption was designed to protect the integrity of the agency decision-making process.

 In the instant case, defendant has invoked exemption (b)(5) to withhold records falling within the deliberative process privilege. In order for a document to fall within this exemption, it must meet two fundamental requirements. First, it must be "predecisional" such that it is "antecedent to the adoption of agency policy." *See Jordan v. Department of Justice*, 591 F.2d 753, 774 (D.C.Cir.1978). Second, the document must be a "direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143–44 (D.C.Cir.1975).

 Plaintiff simply maintains that the withheld documents "must contain" additional segregable factual material not exemption pursuant to 5 U.S.C. § 552(b)(5).

The Court, however, is persuaded that defendant has demonstrated that the excised portions of the documents are exempt from disclosure under (b)(5). Defendant represents, and the Court has been presented with no reason to doubt, that the withheld information includes memoranda, draft reports, recommendations, legal opinions and draft findings, all of which reflect its deliberations regarding a remedy to the turbine deficiency problem at the Dam. Disclosure of such information would undoubtedly hamper the Government's deliberative process as it would reveal the thought process of the agency prior to the adoption of a specific course of conduct. It is undisputed that no final agency decision regarding the turbine deficiency problem has been reached. Given the status of the agency's decision-making process, its decision not to disclose the predecisional documents is entitled to particular judicial deference. *Chemical Manufacturers Association v. Consumers Product Safety Commission*, 600 F.Supp. 114, 117–18 (D.D.C.1984).

Finally, defendant has provided copies of the documents denominated as exhibits H through O and has thoroughly labeled the excised portions. For the reasons stated heretofore, the Court finds that the *Vaughn* affidavit is sufficiently detailed and that there is no need for the Court to review the exhibits *in camera*. Plaintiff has just not articulated any basis upon which the Court could question the representations of defendant as to the contents of the documents.

For the foregoing reasons, the Court concludes that all the documents withheld by defendant are properly exempt from disclosure to plaintiff. Hence, the motion for summary judgment in favor of defendant is granted.

An Order consistent with this Memorandum Opinion will be entered this date.