710 F.2d 136
 32 Fair Empl.Prac.Cas. 40, 32 Empl. Prac.
Dec. P 33,689
J.P. STEVENS & CO., INC., Appellee,
v.
Lowell W. PERRY, Chairman of the Equal Employment
Opportunity Commission, G. Duke Beasley, Acting Regional
Director of the Equal Employment Opportunity Commission;
Alfonso McGhee, Acting 707 Team Captain, Defendants,
and
The Equal Employment Opportunity Commission, Appellant.
 No. 81-2154.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 14, 1982.
Decided June 16, 1983.
 
 Marcia B. Ruskin, Washington, D.C. (Michael J. Connolly, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, Vella M. Fink, Asst. Gen. Counsel, Carol Cresswell Moschandreas, Washington, D.C., on brief), for appellant.
 Gary S. Klein, Greenville, S.C. (Robert T. Thompson, Thompson, Mann & Hutson, Greenville, S.C., on brief), for appellee.
 Before HAYNSWORTH, Senior Circuit Judge, SPROUSE and CHAPMAN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 The Equal Employment Opportunity Commission (EEOC) appeals from the order of the District Court of South Carolina compelling it to disclose certain information from its investigation of J.P. Stevens & Company's employment practices. The court ordered this information disclosed after an in camera inspection of the records pursuant to Charlotte-Mecklenburg Hospital Authority v. Perry, 571 F.2d 195 (4th Cir.1978). We affirm in part and reverse in part.
 
 
 2
 * On November 7, 1974 the EEOC filed a charge against J.P. Stevens & Company (Stevens) alleging that it was engaging in a pattern and practice of employment discrimination based upon race, color and sex in violation of Title VII of the Civil Rights Act of 1964. CRA.
 
 
 3
 By letter of March 13, 1975, Stevens made a formal request under the Freedom of Information Act (FOIA) to the EEOC for the following documents:
 
 
 4
 1. Any and all charges filed with the Commission, against this Company, by any member of the Commission or by any other person whomsoever.
 
 
 5
 2. Any and all writings in the possession or under the control of the Commission, which in any manner set forth or relate to:
 
 
 6
 (a) Reasons, grounds or justifications for any charge referred to in "1" above.
 
 
 7
 (b) Any communications to or from any person with respect to any charge referred to in "1" above.
 
 
 8
 (c) Any affidavit or statement bearing upon any charge referred to in "1" above.
 
 
 9
 (d) Any ruling, decision or commentary with respect to the processing of any charge referred to in "1" above.
 
 
 10
 (e) Any ruling, decision or commentary with respect to the validity or invalidity of any charge referred to in "1" above.
 
 
 11
 (f) Any information or facts or assertions as to employment practices, or alleged employment practices, of this Company.
 
 
 12
 (g) Any recommendations or solicitations by any person that charges or legal proceedings be brought against this Company.
 
 
 13
 The Acting General Counsel of the EEOC responded to the request by letter of March 31, 1975. Counsel stated that the charges would be made available to the Company and that any information covered by 2(a) and 2(f) of the request would be contained in the charges. In regard to requests 2(d) and 2(e), Counsel stated that no "determinations, rulings or decisions" have been made, so there was no such information to disclose. General Counsel, however, denied the request for the information in categories 2(b), 2(c) and 2(g) on the ground that the information requested was exempt from disclosure pursuant to the FOIA exemptions (b)(3) and (b)(7). 5 U.S.C. Secs. 552(b)(3), (b)(7). On June 3, 1975, the EEOC upheld the General Counsel's refusal to disclose the documents.
 
 
 14
 On March 29, 1976, Stevens filed the FOIA complaint that is the subject of this appeal. The complaint sought access to the documents the EEOC had previously refused to disclose. The Commission voluntarily responded to Stevens' motion under Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973) by submitting an itemized index of categories of the documents it claimed were exempt from disclosure. The categories included affidavits by the charging parties, fellow employees or other witnesses and, inter alia, the following classes of documents:
 
 
 15
 Correspondence between other governmental agencies and the Commission concerning the status of litigation involving the Commissioner's charge filed.
 
 
 16
 Correspondence between private attorneys and the Commission pertaining to the filing of charges against the company.
 
 
 17
 Correspondence between the Commission and state or city referral agencies concerning the filing of charges or referral of cases for Commission processing.
 
 
 18
 Correspondence between private organizations and the Commission concerning referral of persons with potential cases for EEOC processing.
 
 
 19
 Correspondence between labor organizations and the Commission concerning the processing of charges.
 
 
 20
 Stevens filed a Motion for Summary Judgment on its FOIA claim on October 29, 1976.
 
 
 21
 On May 24, 1978, the district court held that the documents were not exempt from disclosure under (b)(3) of the FOIA. Citing Perry, the court further stated that it could make a determination as concerns the (b)(7) exemption only after an in camera inspection of the documents in question.
 
 
 22
 By order of June 9, 1981, the court reaffirmed its holding that the (b)(3) exemption did not apply. As to the (b)(7) exemption, the court held that the affidavits and statements of witnesses were exempt from disclosure. Because the EEOC had not met its burden of showing that disclosure of the other documents would interfere with any enforcement proceedings, the district court ordered the EEOC to "make available to Stevens all documents previously withheld with the exception of witness statements and affidavits."
 
 II
 
 23
 The EEOC appeals from the district court's order on the grounds that both exemptions apply to the requested documents. The first exemption, (b)(3), exempts from disclosure matters that are:
 
 
 24
 (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld....
 
 
 25
 Title VII requires the EEOC to withhold from "the public" the charges, anything said or done during informal endeavors to reach conciliation, or any information gathered by the Commission during its investigation until a formal proceeding has been instituted.[1] Because it cannot release the information in question to "the public" under Title VII, it argues that it has "no discretion on the issue" and exemption (b)(3) prohibits it from releasing the same information to Stevens, a party to the charge. The weight of authority, however, militates against this construction of the two statutory schemes. The Fourth Circuit in fact has rejected just such an argument in Charlotte-Mecklenburg Hospital Authority v. Perry, 571 F.2d 195 (4th Cir.1978).
 
 
 26
 Essentially, the EEOC's argument is that "public" means the same thing in both statutes; therefore, despite the fact it has the discretion to release some information to the parties, the parties are the "public" and have no right to disclosure under the FOIA, regardless of any special status under Title VII. The Commission maintains that if parties did have such a right it would cripple its enforcement proceedings and it would "lose all control over conciliation negotiations since every party could learn all the weaknesses of the other party's position." The agency's practices and the legislative scheme that charges it with seeking conciliation between the parties, however, belie this argument.
 
 
 27
 As Perry has held, the fact that the EEOC claims the discretion to disclose some information to the parties is an argument for requiring disclosure. 571 F.2d at 199. Exemptions to disclosure under the FOIA are to be "narrowly construed" in favor of disclosure. Department of Air Force v. Rose, 425 U.S. 352 at 360-361, 96 S.Ct. 1592 at 1598-1599, 48 L.Ed.2d 11 (1976). In Perry, this court distinguished between "public" as used in Title VII and the FOIA, holding that because Title VII did not prohibit disclosure to the parties, the (b)(3) exemption does not apply. This is because the narrow construction of the exemption requires the prohibition in Title VII to prohibit disclosure "not simply to the public generally but also to the specific party demanding disclosure." Perry, 571 F.2d at 200. Therefore, while the FOIA will prevent the EEOC from disclosing this information to the public at large, it will not prohibit disclosure to the parties involved.
 
 
 28
 Title VII does not define the word "public". In EEOC v. Associated Dry Goods Corp., 449 U.S. 590, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981), the Supreme Court held that the word "public" in Title VII "cannot logically include the parties to the agency proceeding." 449 U.S. at 598, 101 S.Ct. at 822. The Court considered the plain language of the statute, the legislative history and the purpose of Title VII and decided that "common sense and the express language" of Title VII dictate this conclusion. 449 U.S. at 598-601, 101 S.Ct. at 822-823.
 
 
 29
 First, the plain language of the statute shows that the Commission is to make available to the employer the charge in any case to which it is a party. 42 U.S.C. Sec. 2000e-5(b).[2] Both Perry and Associated Dry Goods relied upon this reading of Title VII when holding that the parties are not the "public" to whom disclosure is prohibited.
 
 
 30
 Second, the legislative history of the statute indicates that the purpose of the disclosure provisions is to limit the unauthorized dissemination of unproven charges to the general public, not to limit disclosures that are necessary to carry out the statutory scheme. Associated Dry Goods, 449 U.S. at 599, 101 S.Ct. at 822. (citing 110 Cong.Rec. 12723 (1964))[3]
 
 
 31
 Third, the Court recognized that the EEOC's statutory duty to resolve the charges through "the informal methods of conference, conciliation, and persuasion," is enhanced by this limited disclosure. This is because the party "is far more likely to settle when he has enough information to be able to assess the strengths and weaknesses of his opponent's case as well as his own." Associated Dry Goods, 449 U.S. at 601, 101 S.Ct. at 823. Thus, Associated Dry Goods confirms the holding in Perry that disclosure of information to an employer is not the prohibited disclosure to the public under Title VII.[4] As the court below noted, this is the "linchpin" of Perry. In Perry this court construed both 42 U.S.C. Secs. 2000e-5(b) and 2000e-8(e), the exemptions to disclosure in Title VII, and exemption (b)(3), and held that exemption (b)(3) did not apply to the parties to a charge, even though it might apply to others. This construction is wholly consonant with Associated Dry Goods and the purpose of the two Acts.
 
 
 32
 Therefore, we find that Perry remains persuasive in this instance. It is clear from Associated Dry Goods that a party has access to certain information in his own file. The limitation placed upon disclosure under the (b)(3) exemption by Associated Dry Goods and Perry is that one cannot discover information in another's file. See, Associated Dry Goods, 449 U.S. at 603-04, 101 S.Ct. at 824-825. That is not, however, the only limitation upon disclosure to a party.
 
 III
 
 33
 Exemption (b)(7) of the FOIA exempts from disclosure
 
 
 34
 (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings ....
 
 
 35
 5 U.S.C. Sec. 552(b)(7)(A). The Commission claims that the documents in question were compiled for law enforcement purposes; therefore, the documents are entitled to a "blanket exemption"[5] from disclosure. Thus, the Commission maintains that disclosure of any law enforcement record is interference with the enforcement proceedings. This is the exact argument that Congress rejected by amending the FOIA in 1974.
 
 
 36
 The original language of this exemption to the FOIA covered:
 
 
 37
 investigatory files compiled for law enforcement purposes except to the extent available by law to a private party.
 
 
 38
 80 Stat. 251. Congress was dissatisfied with the broad interpretation given to this language and amended the statute to its present form. The purposes of the amendment were to "require reviewing Courts to '[l]ook to the reasons' for allowing withholding of investigatory files before making their decisions" and to reject "the wooden and mechanical" approach applied by courts. N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 230, 98 S.Ct. 2311, 2321, 57 L.Ed.2d 159 (1978) (citing Freedom of Information Act and Amendments of 1974 (Pub.L. 93-502) Source Book, 94th Cong., 1st Session, 334-335 (Joint Comm. Print 1975) (1975 Source Book)). In that same amendment, Congress also provided that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions exempt under this subsection." 5 U.S.C. Sec. 552(b). These amendments show Congress' intent that some interference with the proceedings must be shown, and further, that only those portions of the record that actually interfere with the proceedings are to be withheld.
 
 
 39
 The EEOC, however, argues that N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) stands for the proposition that all investigatory records of an ongoing proceeding are exempt from disclosure.
 
 
 40
 An understanding of Robbins Tire is complicated by the language of the majority which seems to restrict itself to statements of witnesses. "Since we are dealing here with the narrow question whether witnesses' statements must be released five days prior to an unfair labor practice hearing, we cannot see how FOIA's purposes would be defeated by deferring disclosure until after the government has presented its case in court." Id. at 242, 98 S.Ct. at 2326.
 
 
 41
 However, the scope of Robbins Tire is clarified by a short concurrence of three justices:
 
 
 42
 The 'act of meddling in' a process is one of Webster's accepted definitions of the word 'interference'. A statute that authorized discovery greater than that available under the rules normally applicable to an enforcement proceeding would 'interfere' with the proceeding in that sense. The court quite correctly holds that the Freedom of Information Act does not authorize any such interference in Labor Board enforcement proceedings. Its rationale applies equally to any enforcement proceeding. On that understanding, I join the opinion.
 
 
 43
 Id. at 243, 98 S.Ct. at 2327.
 
 
 44
 While a 'blanket exemption', as urged by the Commission, is not mandated by Robbins Tire, neither is a case-by-case approach.
 
 
 45
 ... We can find little support in the language of the statute itself for respondent's view that determinations of "interference" under Exemption 7(A) can be made only on a case-by-case basis. Indeed, the literal language of Exemption 7 as a whole tends to suggest that the contrary is true. The Exemption applies to:
 
 
 46
 "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel."
 
 
 47
 There is a readily apparent difference between subdivision (A) and subdivisions (B), (C), and (D). The latter subdivisions refer to particular cases--"a person," "an unwarranted invasion," "a confidential source"--and thus seem to require a showing that the factors made relevant by the statute are present in each distinct situation. By contrast, since subdivision (A) speaks in the plural voice about "enforcement proceedings," it appears to contemplate that certain generic determinations might be made. Id. at 223-24, 98 S.Ct. at 2317-2318 (Emphasis added).
 
 
 48
 It is obvious from the district court's order that it proceeded on a case-by-case basis, after the Commission had made an adequate showing of interference by disclosure of various categories of documents. The examination of each document within the category by the district court was error.
 
 
 49
 In Stevens' 2(b) request it sought "(b) Any communications to or from any person with respect to any charge referred to in "1" above." See page 137 Ante.
 
 
 50
 The Commission claimed the following categories of documents were exempt under 7(A):
 
 
 51
 1. Internal memos between various offices of the EEOC concerning the processing of charges filed.
 
 
 52
 2. Correspondence between private attorneys and the Commission concerning the process of charges.
 
 
 53
 3. Correspondence between charging parties and the Commission.
 
 
 54
 4. Correspondence between State or City referral Agencies and the Commission concerning the processing of charges.
 
 
 55
 5. Correspondence between other governmental Agencies and the Commission concerning the status of litigation involving the Commissioner's charge filed.
 
 
 56
 In its 2(c) request Stevens asked for "(c) Any affidavit or statement bearing upon any charge referred to in "1" above."
 
 
 57
 The Commission claimed 7(A) exemption of the following categories:
 
 
 58
 1. Affidavits by charging parties pertaining to Company policies and practices which may be violative of Title VII.
 
 
 59
 2. Affidavits by fellow employees of charging parties or other witnesses concerning their knowledge of Company policies and practices.
 
 
 60
 3. Interviews with charging parties as transcribed by Field investigators or Commission attorneys.
 
 
 61
 4. Interviews with other witnesses who have some knowledge of the Company's employment patterns and practices.
 
 
 62
 Request 2(g) by Stevens demanded "(g) Any recommendations or solicitations by any person that charges or legal proceedings be brought against this Company." As to this demand, the Commission claimed the following categories as exempt under 7(A):
 
 
 63
 1. Internal Justification Memorandum in Support of Commissioner's charge against J.P. Stevens Company.
 
 
 64
 2. Correspondence between charging parties and the Commission's District Offices prior to the filing of various charges.
 
 
 65
 3. Internal memos between various offices of the Commission pertaining to the filing of charges against the Company.
 
 
 66
 4. Correspondence between private attorneys and the Commission pertaining to the filing of charges against the Company.
 
 
 67
 5. Correspondence between the Commission and State or City referral Agencies concerning the filing of charges or referral of cases for Commission processing.
 
 
 68
 6. Correspondence between private organizations and the Commission concerning referral of persons with potential cases for EEOC processing.
 
 
 69
 7. Correspondence between labor organizations and the Commission concerning the processing of charges.
 
 
 70
 The EEOC filed with these categorizations a memorandum stating why premature disclosure of the disputed documents would interfere with enforcement proceedings. Such disclosure, according to the memorandum, would "dry up" investigative sources. The Commission also argued that disclosure would deprive it of its ability to shape and control its investigations.
 
 
 71
 An examination of the title of each category indicates that disclosure of its contents to Stevens, the object of the investigation, would interfere with any enforcement proceeding that may stem from the investigation. These categories represent the "generic determinations" of Robbins Tire. "Witness statements prior to a hearing" is the generic determination or category established by Robbins Tire as being exempted from disclosure under 7(A). The reasoning underlying witness statements obviously applies to affidavits and interviews of charging parties, fellow employees and witnesses; correspondence with attorneys and charging parties; internal memoranda of EEOC concerning the charge and all of the categories set forth by EEOC in response to Stevens' demands 2(b), (c) and (g).
 
 
 72
 Premature disclosure of these documents would (1) create a "chilling effect" on potential witnesses and dry up sources of information, particularly those of charging parties and their attorneys; (2) hamper the free flow of ideas between Commission employees and supervisors or with other governmental agencies; (3) hinder its ability to shape and control investigations; and (4) make more difficult the future investigation of charges and enforcement thereof.
 
 
 73
 It is obvious that plaintiff brought this action with the intention of using the freedom of information act as a discovery tool. Robbins Tire makes clear that such premature discovery was not intended and is the type of "interference" prohibited by exemption 7(A). Id. at 241-43, 98 S.Ct. at 2326-2327.
 
 
 74
 On the present facts the district judge was in error to conduct an in camera examination of the documents and to order some of them disclosed after the Commission had made its return to the demand, which return carefully categorized the documents in such a way as to give notice that their contents would interfere with an enforcement proceeding. Although these documents were not exempt under (b)(3), they are exempt under 7(A) and therefore the district court is
 
 AFFIRMED IN PART
 
 75
 REVERSED IN PART.
 
 
 
 [1]
 The relevant statutory language is as follows:
 (b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer ... has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer ... (hereinafter referred to as the "respondent") within ten days and shall make an investigation thereof.... Charges shall not be made public by the Commission.... Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both.
 42 U.S.C. Sec. 2000e-5(b).
 (e) It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information. Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than one year.
 42 U.S.C. Sec. 2000e-8(e).
 
 
 [2]
 The charging party knows the nature and contents of the charge. This section requires the Commission to notify the other party of the charge, yet forbids it from making the charge public. Further, it forbids the EEOC from releasing information gathered during the investigation to the public without the parties' consent. In Associated Dry Goods the Court read this statutory language as logically showing that disclosure is not prohibited to the parties. 449 U.S. at 598, 101 S.Ct. at 822
 
 
 [3]
 Senator Humphrey, cosponsor of the bill, discussed the purpose of the disclosure provision stating that:
 [T]his is a ban on publicizing and not on such disclosure as is necessary to the carrying out of the Commission's duties under the statute.... The amendment is not intended to hamper Commission investigations or proper cooperation with other State and Federal agencies, but rather is aimed at the making available to the general public of unproven charges.
 
 
 [110]
 Cong.Rec. 12723 (1964) (emphasis added)
 
 
 [4]
 Indeed, the Court held that the prohibition is that a party can only discover information in his own file. 449 U.S. at 603-604, 101 S.Ct. at 824-825. This supports our conclusion in Perry that the exemption must prevent disclosure to the party seeking disclosure, not some other party. 571 F.2d at 200-201
 
 
 [5]
 See Acting General Counsel's letter of March 31, 1975 claiming an exemption to the FOIA "because said documents are part of investigatory records now being compiled by the Commission for law enforcement purposes and therefore are exempt under 5 U.S.C. Sec. 552(b)(7)." This letter was incorporated by reference into the EEOC's response to the plaintiff's motion under Vaughn v. Rosen