**Max WILLARD; Raymond C. Jackson; Mack Lester, Appellants,**

v.

**INTERNAL REVENUE SERVICE, Appellee.**

No. 84–2282.

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1985.

Decided Nov. 7, 1985.

LeRoy Katz, Bluefield, W.Va., for appellants.

Murray S. Horwitz, Washington, D.C., (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, Washington, D.C., John P. Alderman, U.S. Atty., Roanoke, Va., on brief), for appellee.

Before WIDENER, WILKINSON and SNEEDEN, Circuit Judges.

SNEEDEN, Circuit Judge:

The question presented is whether the district court erred in granting summary judgment to the Internal Revenue Service in a Freedom of Information Act suit. Appellants Jackson, Lester and Willard brought this action to obtain copies of notes made during interviews with I.R.S. agents. The district court determined that

the information sought need not be disclosed because it was exempt from the Freedom of Information Act under 5 U.S.C. § 552(b)(7)(A). This statutory provision exempts from disclosure investigatory records compiled for law enforcement purposes if the release would interfere with law enforcement proceedings. For the reasons stated below, we affirm the district court's decision.

I.

Jackson, Lester and Willard were interviewed separately by agents of the Internal Revenue Service during an investigation of the tax returns of Jackson, Lester and their corporations. Willard, an accountant, prepared those tax returns. Willard and Lester requested copies of their statements when the interviews were conducted. These requests were informally denied. Later, Jackson, Lester and Willard made formal requests for the material pursuant to the Freedom of Information Act (FOIA). These requests were also denied and this suit was filed to force the release of the information.

The government subsequently filed a motion for summary judgment claiming that the requested material was properly withheld under 26 U.S.C. § 6103(e)(7),[1] which prohibits the release of tax return information when it would impair federal tax administration. Alternatively, the I.R.S. argued that the information requested was exempt from disclosure under a provision of the FOIA[2] that protects investigatory records to the extent that disclosure of the records would interfere with law enforcement proceedings.

---

**1.** Section 6103 states that "[r]eturn information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer *if the Secretary determines that such disclosure would not seriously impair Federal tax administration.*" 26 U.S.C. § 6103(e)(7) (emphasis added).

On appeal, the parties also raise the issue of whether section 6103(e)(7) applies to prevent disclosure of the requested information under the FOIA. We need not address this issue, however, because we concur in the conclusion of the trial judge that 5 U.S.C. § 552(b)(7)(A) resolves the current dispute.

**2.** 5 U.S.C. § 552(b)(7). That provision states, in relevant part, that the FOIA does not apply to "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings...." 5 U.S.C. § 552(b)(7)(A).

In support of this motion, the I.R.S. submitted the statements[3] of John McCauley, the Chief of the Criminal Investigation Division for the I.R.S. in Richmond, and John Pierce, an I.R.S. special agent who interviewed Max Willard. These statements revealed that Lester and Jackson were the subjects of joint civil and criminal investigations for possible violations of the Internal Revenue laws. The statements indicated that the documents sought by appellants were not verbatim transcripts of the interviews but were instead memoranda representing portions of the conversations that the agents deemed relevant to their investigations. Furthermore, the statements maintained that disclosure of those documents would interfere with the I.R.S.'s investigations of Jackson and Lester by prematurely revealing evidence, indicating the reliance placed by the government on that evidence, disclosing the names of witnesses and potential witnesses, and by defining the nature, direction, and scope of the government's case. Additionally, the statements of McCauley and Pierce indicated disclosure would enable the appellants to tamper with potential evidence.[4]

After reviewing these statements, the district court granted summary judgment in favor of the I.R.S. The court concluded that, based on the evidence contained in the statements, release of the requested information would interfere with law enforcement proceedings.[5] Jackson, Lester and Willard appeal the trial court's decision. They argue that summary judgment was improper because the dangers sought to be protected by the exemption in section 552(b)(7) are not present when appellants request only copies of their own statements. They also argue that the statements provided by McCauley and Pierce did not provide sufficient evidence with which the district court could properly grant a motion for summary judgment.[6]

## II.

■ Upon complaint, a district court must make a *de novo* determination of whether government records were properly withheld under an FOIA exemption provision. 5 U.S.C. § 552(a)(4)(B). The agency refusing to release the information bears the burden of proving that its actions were correct. *Id.* Furthermore, exemptions from disclosure under the FOIA are narrowly construed in favor of disclosure. *J.P. Stevens & Co. v. Perry*, 710 F.2d 136, 139 (4th Cir.1983) (holding requested information exempt from disclosure under section 552(b)(7)(A)).

The district court relied on section 552(b)(7)(A) in determining that the I.R.S. agents' notes of the interviews need not be released. This section provides an exemption for "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings...." Appellants argue that section 552(b)(7)(A), and all the cases cited by the government which permit nondisclosure under this exemption, are inapplicable because copies of appellants' own words rather than the statements of third parties are

3. McCauley and Pierce submitted unsworn declarations in support of the motion for summary judgment. The declarations, made under penalty of perjury, are permitted in lieu of affidavits. *See* 28 U.S.C. § 1746.

4. Statement of John F. McCauley, Joint Appendix at 58–60; Statement of John Pierce, Joint Appendix at 63–65.

5. The district court did not make an *in camera* examination of the I.R.S. agents' notes but instead relied on the agency's description of the contents of the requested material to determine that the information was exempt from the FOIA. However, an *in camera* review is discretionary and is inappropriate in certain FOIA cases. *See*

*N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978) (stating FOIA does not mandate that documents be individually examined in every case); *J.P. Stevens & Co. v. Perry*, 710 F.2d 136, 143 (4th Cir.1983) (holding district court erred in conducting an *in camera* examination of requested documents).

6. Appellants contended *inter alia* that the statements provided by McCauley and Pierce were inappropriate because they were not sworn. This objection is without merit. *See supra* note 3 and accompanying text.

sought. They contend section 552(b)(7)(A) and the cases cited by the government were aimed at protecting prospective witnesses from possible harassment by parties under investigation. We do not subscribe to so narrow a reading of the law in this area.

This court has noted that the Supreme Court utilized language in *N.L.R.B. v. Robbins Tire & Rubber Co.* that seems to restrict its interpretation of section 552(b)(7) in that instance to the statements of witnesses. *J.P. Stevens & Co.*, 710 F.2d at 141. We noted in *J.P. Stevens & Co. v. Perry*, however, that the scope of *Robbins Tire* extends beyond the narrow question of whether witnesses' statements may be released prior to an enforcement proceeding. *Id.* We quoted a concurrence in *Robbins Tire* in which three justices joined:

> The "act of meddling in" a process is one of Webster's accepted definitions of the word "interference". A statute that authorized discovery greater than that available under the rules normally applicable to an enforcement proceeding would "interfere" with the proceeding in that sense. The court quite correctly holds that the Freedom of Information Act does not authorize any such interference in Labor Board enforcement proceedings. Its rationale applies equally to any enforcement proceeding.

*Id.* (quoting *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. at 243, 98 S.Ct. at 2327). As the passage quoted above indicates, there is more than one way to interfere in an enforcement proceeding.

■ The government argues that the premature release of the notes made by the agents who conducted the interviews with appellants would interfere with its enforcement proceedings in a number of ways. Primarily, the government contends that the revelation of the earlier statements would permit Jackson and Lester to anticipate the course of the tax investigation and, through later statements, create an appearance of consistency.[7]

Although a refusal to disclose an individual's own statements is unusual in FOIA cases, it is not without precedent. *See Linsteadt v. Internal Revenue Service*, 729 F.2d 998 (5th Cir.1984) (taxpayers refused copies of a memorandum of factual statements made by them to an I.R.S. agent). As in the present case, the I.R.S. in *Linsteadt* claimed release of the information would allow the taxpayers to fabricate excuses or evidence to frustrate the government's investigation. *Linsteadt*, 729 F.2d at 1004. The Fifth Circuit Court of Appeals in *Linsteadt* upheld a lower court decision favoring the I.R.S. on the grounds that the agency proved the release of the taxpayers' statements would impair the Service's administration of federal tax laws and would significantly interfere with law enforcement proceedings. *Id.* at 1005.

We can readily understand the I.R.S.'s concern that disclosure of the agents' notes would harm its investigation. The I.R.S. has indicated that the material requested consisted of the agents' notations of answers they considered relevant to the investigation of Jackson and Lester. The selectivity in recording would certainly provide clues to the appellants of the nature and scope of the investigation. We would also note that appellants are not completely in the dark concerning the material sought to be obtained. They have the benefit of at least a general recollection of the questions asked and the answers provided. If these answers were true, appellants' responses to future, similar questions will likely remain consistent. If, however, appellants are privy to this information while the investigation continues, they would have an opportunity to tailor future responses to provide an appearance of consistency with earlier, incorrect answers.[8]

Another issue raised on appeal is the sufficiency of the evidence upon which the

---

7. Appellee's Brief at 21.

8. *See Linsteadt*, 729 F.2d at 1005 (taxpayers refused copies of notes of statements made to I.R.S. agent even though I.R.S. admitted memorandum at issue contained no opinions or conclusions of agent, but merely a factual recitation of taxpayers' own statements).

trial judge granted the I.R.S.'s motion for summary judgment. The appellants argue that the statements provided by McCauley and Pierce in support of the government's motion contain conclusions not based on the personal knowledge of the maker and are thus in contravention of the Federal Rules of Civil Procedure.[9] They further contend that there existed genuine issues of fact concerning the nature of the statements made by the Appellants and the manner in which the I.R.S. agents recorded their answers.[10] In the presence of such a dispute, they argue the granting of a summary judgment was inappropriate.

We disagree with appellants' assessment of the statements the government provided in support of its motion for summary judgment. McCauley and Pierce demonstrated ample personal knowledge of the assertions contained in their statements. Pierce, as one of the interrogating agents, must have known of the types of questions asked, the nature of the answers given, and the manner in which I.R.S. agents were required to record their conversations with appellants. McCauley's personal knowledge is readily demonstrated by his position as head of the I.R.S.'s Criminal Investigation Division in Richmond and by his statement that he was familiar with the requests for information filed. McCauley also stated that his experience, coupled with the knowledge of the investigations obtained through discussions with I.R.S. personnel in his district, convinced him that release of the material requested could seriously impair federal tax administration.[11]

Finally, we disagree with appellants' contention that a question of fact existed concerning the types of documents at issue, the nature of the statements given, and the manner in which appellants' answers were recorded by I.R.S. agents. The I.R.S. has consistently indicated that the agents' notes of interviews were not verbatim transcripts of the answers appellants provided. Instead, the I.R.S. stated that the agents recorded only those responses *relevant* to the investigation.[12] Since the I.R.S. rather than the appellants controlled the recording of the interviews, the agency's description of its employees' note taking must be accepted absent allegations of false claims.

### III.

In conclusion, we note our limited role as an appellate court reviewing the findings of a district court in an FOIA case. This court must simply determine whether (1) the district court had an adequate factual basis for the decision rendered and (2) whether upon this basis the decision reached is clearly erroneous. *Antonelli v. Drug Enforcement Administration,* 739 F.2d 302 (7th Cir.1984); *Linsteadt v. Internal Revenue Service,* 729 F.2d 998 (5th Cir.1984); *Currie v. Internal Revenue Service,* 704 F.2d 523 (11th Cir.1983); *Ingle v. Department of Justice,* 698 F.2d 259 (6th Cir.1983).

Upon a thorough review of the record in this case, we find that the statements by McCauley and Pierce provided an adequate factual basis for the decision reached by the district court. The lower court's decision was not clearly erroneous. Thus, the order granting summary judgment to the I.R.S. will be affirmed.

AFFIRMED.

---

**9.** Rule 56 requires that affidavits supporting or opposing motions for summary judgment be made on personal knowledge. F.R.Civ.P. 56(e).

**10.** Appellants contend that the I.R.S. agents' interviews were conducted using prepared questions and that the answers they gave were "filled in" under each question. Appellant's Brief at 23.

**11.** Statement of John F. McCauley, Joint Appendix at 58.

**12.** Statement of John F. McCauley, Joint Appendix at 58; Statement of John Pierce, Joint Appendix at 63.