924 F.2d 1052
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NORTH CAROLINA NETWORK FOR ANIMALS, INCORPORATED, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, the Animal and
Plant Health Inspection Service, Defendants-Appellees.
 No. 90-1443.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1990.
Decided Feb. 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-89-630-5-CIV)
 Douglas A. Ruley, Tharrington, Smith & Hargrove, Raleigh, N.C., for appellant.
 Richard Bruce Conely, Sr., Assistant United States Attorney, Raleigh, N.C. (Argued), for appellees; Margaret Person Currin, United States Attorney, Raleigh, N.C., Raymond W. Fullerton, Assistant General Counsel, Ellen R. Hornstein, Office of the General Counsel, United States Department of Agriculture, Washington, D.C., on brief.
 E.D.N.C.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and C. WESTON HOUCK, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The North Carolina Network for Animals (Network), a non-profit corporation which promotes animal welfare, appeals from a district court order granting summary judgment to the United States Department of Agriculture and a related agency, the Animal and Plant Health Inspection Service (collectively, APHIS), in a suit brought by Network to obtain information under the Freedom of Information Act (FOIA), 5 U.S.C.A. Secs. 552 et seq. (West 1982 & Supp.1990). We conclude that the materials APHIS filed in support of its motion for summary judgment are insufficient to show actual competition and the likelihood of substantial competitive injury, as required to support exempting the requested information from disclosure under FOIA Exemption Four, 5 U.S.C. Sec. 552(b)(4). Therefore, we vacate the district court's order and remand this case for reconsideration in accordance with this opinion.
 
 I.
 
 2
 Network is a statewide group concerned with animal welfare. In the promotion of its goals Network accumulates and provides information about the treatment of animals to legislators and the general public. Network's interest in the problems of pet theft and the proper treatment of animals transported in interstate commerce prompted the group to file FOIA requests with APHIS in 1985, 1986, and 1987 to obtain the annual reports filed by North Carolina animal dealers for each preceding year.[1] APHIS provided Network with these reports in their entirety. The one-page reports state the total number of animals sold without revealing the type, breed, size, condition, or actual selling prices of these animals. The reports also give the gross amount derived from animal sales, the annual fee paid, and the dollar amount on which the fee is based.
 
 
 3
 In July 1988, Network made its fourth annual request for the 1987 dealer reports. APHIS responded, but this time the information concerning sales and fees was redacted. APHIS claimed that such information was "confidential commercial information" exempt from disclosure under 5 U.S.C. Sec. 552(b)(4) ("Exemption Four"). APHIS stated that the information was deleted from the 1987 reports because a 1988 Executive Order required the agency to notify submitters when their data are requested under FOIA and to give careful consideration to submitters' objections when deciding whether to release the data. Executive Order No. 12600, 3 C.F.R. Sec. 235 (1988); see 28 C.F.R. Sec. 16.7 (1989). On the basis of responses to the questionnaire APHIS sent out to dealers pursuant to Network's FOIA request, the agency decided not to release the redacted information.
 
 
 4
 Network administratively appealed the agency's determination; the agency's denial of the appeal constituted the final agency decision in the matter. Network then filed suit in the United States District Court for the Eastern District of North Carolina, serving discovery requests with the complaint. APHIS filed a motion for summary judgment and a motion for a protective order seeking a stay of all discovery. In support of these motions, APHIS submitted an affidavit by Susan Salus, the APHIS FOIA Coordinator, and sixteen unsworn responses to a questionnaire sent by Salus to North Carolina animal dealers. The district court found that the Salus affidavit and dealer responses constituted sufficient evidence to show actual competition and the likelihood of substantial competitive injury, as necessary to support exempting the information from disclosure under 5 U.S.C. Sec. 552(b)(4).
 
 II.
 
 5
 The purpose of the FOIA is to promote the broad disclosure of information, and thus FOIA exemptions are to be narrowly construed in favor of disclosure. Department of the Air Force v. Rose, 425 U.S. 352 (1976); accord, J.P. Stevens Co. v. Perry, 710 F.2d 136 (4th Cir.1983). The Act, however, expressly recognizes that "public disclosure is not always in the public interest." Baldridge v. Shapiro, 455 U.S. 345, 352 (1982). The district court must make a de novo determination of whether government records were properly withheld under a FOIA exemption. 5 U.S.C. Sec. 552(a)(4)(B). Likewise, this court determines de novo whether the district court ruled correctly that the legal standard for the granting of summary judgment was met. Friedenthal, Kane & Miller, Civil Procedure Sec. 134 at 601 (1985). The party opposing the motion is to be given the benefit of the doubt, in that the inferences to be drawn from the materials submitted in support of a motion for summary judgment are to be viewed in the light most favorable to the non-moving party. United States v. Diebold, 369 U.S. 654, 655 (1962). In reversing the granting of summary judgment in a FOIA Exemption Four action, the District of Columbia Court of Appeals has stated:
 
 
 6
 If the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper.
 
 
 7
 Greenberg v. Food & Drug Admin., 803 F.2d 1213, 1216 (D.C.Cir.1986) (citing T.S.C. Industries, Inc. v. Northway, Inc., 426 U.S. 438, 450 (1976)).[2]
 
 
 8
 Section 552(b)(4) of the FOIA exempts from disclosure "trade secrets and commercial information," obtained from a non-government source, that is "privileged or confidential." Network does not dispute that the information it requests partially satisfies the requirements of Exemption Four in that it is financial or commercial and that it was obtained from a non-government source, the animal dealers. Network contends, however, that the information it seeks is not "confidential information."
 
 
 9
 Information is confidential if its disclosure is likely to (1) impair the government's ability to obtain necessary information in the future, or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. National Parks & Conservation Ass'n v. Morton, 498 F.2d 765, 770 (D.C.Cir.1974). In the present case, since APHIS regulations require that the information in question be filed with the agency, only the latter inquiry is at issue. Therefore, we must determine whether there was a contested issue of fact over whether disclosure of the requested information would cause "substantial harm to the competitive position" of the animal dealers. To meet its burden of demonstrating confidentiality, APHIS is required to show, not actual competitive harm, but (1) actual competition and (2) the likelihood of substantial competitive injury. National Parks & Conservation Ass'n v. Kleppe, 547 F.2d 673 (D.C.Cir.1976).
 
 
 10
 We conclude that the evidence presented by APHIS is insufficient to support the agency's burden under Exemption Four of showing actual competition and likelihood of substantial competitive harm and thus leaves a genuine question of material fact as to these dispositive issues.
 
 
 11
 The evidence produced by APHIS to support its claim of actual competition and likelihood of substantial competitive harm consists of the Salus affidavit and sixteen unsworn responses to a questionnaire APHIS sent to animal dealers in North Carolina. The inclusion of the unsworn responses appears to be a violation of Rule 56(e), which requires that all papers referred to in an affidavit be sworn or certified. Even if these responses were properly considered by the court, they provide no real information as to the scope of the animal dealer market in North Carolina and as to who the alleged "competition" is. Thirteen of the sixteen responses make unsupported claims that release of the information would cause competitive harm, yet only six of these are relevant to show competition in their respective classes. The Salus affidavit and the district court's order also do not distinguish among the classes and subclasses of dealers, who compete in different markets.[3]
 
 
 12
 Moreover, a reading of the dealer responses reveals little besides conclusory statements that release of the disputed information would cause competitors to be able to underbid these dealers. The responders do not offer any support for these contentions. The redacted sales and price information is too limited to allow a competitor to derive anything but the average price per animal sold by that dealer. The average price per animal sold reveals nothing useful about the dealer's pricing structure. The reports do not reveal actual pricing information, the dealer's sources and costs of acquisition, customer information, profit margin, or the age, size, condition or breed of animals sold--the type of information that would enable competitors to successfully undermine the dealer.
 
 
 13
 This court has recently affirmed the disclosure of documents containing incomplete commercial information like that at issue in the instant case. Acumenics Research & Technology v. United States Dep't of Justice, 843 F.2d 800 (4th Cir.1988). In Acumenics we rejected the argument that disclosure would enable competitors to calculate the company's pricing structure and thus harm the company in future bidding, on the ground that there were too many unascertainable variables to result in competitive harm from full disclosure. 843 F.2d at 808. See also Greenberg v. FDA, supra, 803 F.2d at 1217 (dealer's affidavits supported its assertion of actual competition by presenting figures showing size and share of relevant market); Gulf & Western Industries v. United States, 615 F.2d 527, 530 (D.C.Cir.1979) (in finding information exempt from disclosure, court found that withheld information was such that competitors would be able to accurately calculate dealer's future bids and its pricing structure) (emphasis added).[4]
 
 
 14
 The cases cited by APHIS in support of nondisclosure of commercial information involve more detailed information than is at issue here. See Gulf & Western Industries, supra, 615 F.2d at 529-30 (showing of actual competition was made by evidence identifying specific contracts awarded to dealer and to alleged competitors for the same product); Landfair v. United States Dep't of the Army, 645 F.Supp. 325, 328-29 (D.D.C.1986) (information withheld included "highly proprietary" pricing and design information); National Parks v. Kleppe, supra, 547 F.2d at 684 (likelihood of substantial competitive injury found where financial information at issue was "extremely detailed and comprehensive"). APHIS's attempt to distinguish these cases on the ground that they represent larger, more complex industries than the animal dealer industry fails, because the sales information at issue here is too incomplete to be useful even in the context of an uncomplicated industry.
 
 
 15
 This court has stated that an agency's affidavits must be relatively detailed and nonconclusory in order to support a FOIA exemption. Simmons v. United States Dep't of Justice, 796 F.2d 709, 712 (4th Cir.1986) (agency's affidavits were adequate to merit exemption from disclosure as classified secrets, where they explained in detail the documents' classification and the need for secrecy). See also National Parks v. Kleppe, supra, 547 F.2d at 680 (conclusory and generalized allegations are unacceptable as a means of sustaining the burden of nondisclosure). The level of detail must be sufficient to support the inference that release of the information would be likely to cause the dealers substantial competitive harm. Taken together, the Salus affidavit and the dealer responses on which it relies are inadequate to support this inference, for the affidavit merely summarizes the undetailed information contained in the dealer responses.
 
 
 16
 Moreover, the Salus affidavit does not comply with the requirements of Fed.R.Civ.P. 56(e). Rule 56(e) requires that supporting affidavits (1) be made on personal knowledge, (2) set forth such facts as would be admissible in evidence, and (3) show that the affiant is competent to testify as to the matters stated therein. The Salus affidavit does no more than paraphrase the conclusory dealer responses. The affidavit also fails to show that Salus had knowledge of the animal business sufficient to render her competent to testify as to the matters stated in the affidavit.
 
 III.
 
 17
 Having concluded that the government's affidavit and supporting dealer responses are insufficient to deny disclosure by means of summary judgment, we vacate the district court's order and remand this case for rehearing. In so doing, we emphasize that the purpose of this rehearing is limited to allowing APHIS an opportunity to submit affidavits which meet the requirements of Rule 56(e) and which adequately support the agency's claim under Exemption Four. The district court should exercise its discretion to limit discovery in this as in all FOIA cases, and may enter summary judgment on the basis of agency affidavits when they are sufficient to resolve issues of factual dispute concerning the likelihood of substantial competitive harm that the animal dealers would suffer if the information Network seeks is released. While we leave the final decision as to the scope of its inquiry to the district court, we do not anticipate a need for extensive discovery, such as the taking of depositions of some or all of the responding animal dealers. See Simmons v. United States Dep't of Justice, supra, 796 F.2d at 710-12 (holding that the question of whether material is exempt under the FOIA is not well suited for adversary proceedings).
 
 
 18
 We note that the district court need not enter a finding concerning segregability under 5 U.S.C. Sec. 552(b) in this case. APHIS satisfied the statutory requirement to release "any reasonably segregable portion of a record" by releasing to Network all other information in the dealer reports except for the information APHIS claimed was exempt from disclosure. Cf. Church of Scientology of California v. United States Dep't of the Army, 611 F.2d 738 (9th Cir.1980) (it was error for district court not to enter a finding of segregability where district court had approved the withholding of an entire document without determining if any of it was segregable) (emphasis added).
 
 
 19
 The district court's order granting APHIS's motion for summary judgment is
 
 
 20
 VACATED AND REMANDED.
 
 
 
 [1]
 Licensed animal dealers are required to submit these annual reports to APHIS under regulations promulgated pursuant to the Animal Welfare Act, 7 U.S.C.A. Secs. 2131 et seq. (West 1988)
 
 
 [2]
 APHIS contends that this Circuit has adopted a special standard of review for grants of summary judgment in FOIA cases, as articulated in Spannaus v. United States Dep't of Justice, 813 F.2d 1285 (4th Cir.1987), and Willard v. IRS, 776 F.2d 100 (4th Cir.1985). According to this standard, the appellate court's role in review is a limited one, and the grant of summary judgment must be upheld unless the court finds that (1) the district court did not have an adequate factual basis for the decision rendered, and (2) upon that basis the decision was clearly erroneous. Spannaus, supra, 813 F.2d at 1288 (citing Willard, supra, 776 F.2d at 104). This standard appears to have been first enunciated by the Ninth Circuit in Church of Scientology v. United States Dep't of the Army, 611 F.2d 739 (9th Cir.1980) (citing no authority)
 The Spannaus standard implies a departure from the conventional Rule 56 standard articulated above, in that it specifies a limited role for the appellate court on review and that it does not appear to incorporate the Rule 56 instruction that all inferences are to be drawn in favor of the non-moving party. See also Rivanna Trawlers Unltd. v. Thompson Travelers, 840 F.2d 236, 239 (4th Cir.1988). We do not address the issue of the existence or extent of any difference in these standards, because we find that the granting of summary judgment in this case should be vacated under either standard.
 
 
 [3]
 APHIS regulations divide dealers into "Class A" and "Class B" dealers, depending on the source of the animals they sell. 9 C.F.R. Sec. 1.1 (1990). A Class A dealer sells pure- or controlled-breed animals; a Class B dealer may acquire a variety of animals, live or dead, from many different sources. The responders include one Class A dealer and nine Class B dealers. Six of the responders sell rabbits and thus do not compete with the dealers whose reports are at issue, who sell dogs or cats. Since dealers in these classes and subclasses do not deal in the same commodity, and not all of the dealers whose information was released responded to the questionnaire, these responses raise a legitimate question as to whether they are representative of the market and whether they adequately demonstrate the state of competition in the animal dealing business in North Carolina
 
 
 [4]
 We also note that, while courts tend to give substantial weight to the specialized expertise of an agency in reviewing the agency's decisions, the decision whether to release commercial or financial information is not a matter that comes within the particular expertise of an agricultural agency. The Fourth Circuit has only applied this factor in the case of Exemption Three (classified secrets), when the agency in question was the FBI. See Simmons v. United States Dep't of Justice, 796 F.2d 709 (4th Cir.1986)