952 F.2d 395
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cyrus Jonathan GEORGE, Petitioner-Appellant,
v.
Rick REESE, Sheriff of Taylor County, Respondent-Appellee.
 No. 91-7156.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 25, 1991.
Decided Jan. 2, 1992.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. (CA-91-73-E), Robert Earl Maxwell, Chief District Judge.
 Cyrus Jonathan George, appellant pro se.
 N.D.W.Va.
 VACATED AND REMANDED.
 Before K.K. HALL, PHILLIPS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Cyrus George, a West Virginia state prisoner, appeals from the summary dismissal of his pro se complaint alleging that the Federal Bureau of Investigation [FBI] failed to disclose information under the Freedom of Information Act [FOIA], 5 U.S.C.A. § 522 (1977 & West Supp.1991), for failing to exhaust state court remedies under 28 U.S.C. § 2254(b)-(c) (1988). Because the action should be construed as a complaint under the FOIA, and not a § 2254 petition, we vacate and remand.
 
 
 2
 George's only apparent reason for bringing this action was to enjoin the FBI from improperly withholding agency records from disclosure under the FOIA. The record does not indicate the reason that the FBI refused to disclose the requested documents.
 
 
 3
 George mistakenly entered his complaint on a short-form petition for a writ of Habeas Corpus under 28 U.S.C. § 2254. The district court dismissed the action without prejudice for failure to exhaust state court remedies pursuant to section 2254(b)-(c).
 
 
 4
 George's action should not be dismissed simply because he mislabeled the nature of the proceedings in his complaint. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Summary dismissal of pro se complaints is only appropriate where it appears beyond doubt that the plaintiff can prove no set of facts which would merit relief. See Haines v. Kerner, 404 U.S. 519, 521 (1972).
 
 
 5
 Under 5 U.S.C. § 552(a)(4)(B), the district court shall determine de novo whether records requested under the FOIA have been improperly withheld, and the withholding agency has the burden of sustaining its action. All requested documents are not subject to a blanket exception from disclosure merely because George has a pending state appeal, see J.P. Stevens & Co. v. Perry, 710 F.2d 136, 140-41 (4th Cir.1983), or because the documents are from George's FBI file. See Pratt v. Webster, 673 F.2d 408, 414-16 (D.C.Cir.1982). George's rights to information under the FOIA are federal statutory rights that exist independent of any other rights he may have as a result of his pending appeal, and are not subject to any state court exhaustion requirement. 5 U.S.C. § 552(a)(4)(B).
 
 
 6
 There is insufficient information in the record to determine whether, and on what basis, the requested FBI records may be withheld. Summary dismissal of the appeal without providing George further opportunities to perfect his pleadings was unwarranted. We therefore grant the certificate of probable cause to appeal, vacate the judgment of the district court, and remand with instructions to consider George's submission as a complaint under 5 U.S.C. § 552(a)(4)(B).
 
 
 7
 VACATED AND REMANDED.