32 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David K. DAVOUDLARIAN, Plaintiff-Appellant,
v.
DEPARTMENT OF JUSTICE, Federal Bureau of Investigation,
Defendant-Appellee.
 No. 93-1787.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1994.
Decided Aug. 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CA-92-1500-A)
 Argued: Harvey Joseph Volzer, Kilcarr & Volzer, Arlington, VA, for appellant.
 Freddi Lipstein, Civil Div., U.S.Dept. of Justice, Washington, DC, for appellee.
 On brief Frank W. Hunger, Asst. Atty. Gen., Helen F. Fahey, U.S. Atty., Leonard Schaitman, Civil Div., U.S. Dept. of Justice, Washington, DC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL and WIDENER, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In this action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552, et seq., plaintiff, Dr. David K. Davoudlarian, sought to require the Federal Bureau of Investigation (FBI) to produce all documents, records and files relating to the investigation by the FBI of the death of plaintiff's wife, Susan Stewart Davoudlarian, whose badly decomposed body was found in her car parked at Dulles International Airport near Washington, District of Columbia, on July 12, 1983, the apparent victim of death by strangulation. Following several hearings on cross-motions for summary judgment the district court denied plaintiff's motion and granted that of defendant. Plaintiff appeals the order dismissing the action, and we affirm.
 
 
 2
 The airport is located on a federal enclave within the State of Virginia, but since it could not be ascertained with certainty where the suspected homicide had occurred, the investigation was conducted jointly by the FBI and the Fairfax County (Virginia) Police Department (FCPD). During the course of the investigation voluminous documents, photographs and other items of evidence were collected and placed in the FBI's files both by the FBI and the FCPD. Because of the uncertainty as to where the murder had occurred the United States Attorney decided in 1985 to defer prosecution to the Virginia state authorities and the FBI, while continuing to maintain an open file on the case, ceased its investigation.
 
 
 3
 In that same year the estate of the deceased victim filed a wrongful death action against Dr. Davoudlarian in the Fairfax County Circuit Court in which it was alleged that he was responsible for the death of his wife. Extensive discovery undertaken in that action involved depositions of agents of the FBI and the FCPD, and these agents testified at the trial and were examined and cross-examined at length concerning their investigation efforts. The case ended in a mistrial, however, when the jury was unable to reach a verdict. Thereafter the case was settled, and the presiding judge ordered all trial exhibits turned over to the FCPD.
 
 
 4
 In October 1990 Dr. Davoudlarian, plaintiff in the present action, filed an FOIA request with the FBI for the avowed purpose, according to his counsel, of "clearing his name." In response to this request the FBI located three separate files on the investigation, two of which contained numerous documents and other items of evidence relating to the investigation of the homicide. The third file contained only a civil rights complaint filed against Dr. Davoudlarian, and this was released to him after the name of the complainant had been redacted pursuant to Exemption 7(D).
 
 
 5
 Thereafter the FBI released to the plaintiff approximately 112 pages of documents from the investigation files after making some redactions to protect information exempt under the FOIA. The FBI declined to release any further documents, contending that to do so would interfere in the ongoing investigation of the homicide. This action followed.
 
 
 6
 Plaintiff's principal contention in the district court and on appeal is that the FBI waived its claim to FOIA exemptions when it provided lab reports, fingerprint identification reports and other evidence to the plaintiff in the wrongful death action. In rebuttal the FBI argued that plaintiff had failed to meet his burden of demonstrating that specific documents and other items of evidence were in fact officially placed in the public domain in that action. Plaintiff further contended that the investigation of this eleven-year-old murder was not still ongoing, that the files of the FBI and the FCPD had effectively been closed and that consequently the production of the requested evidence could not reasonably be expected to interfere with pending enforcement proceedings. The FBI countered with affidavits of agents from both the FBI and the FCPD showing that the investigation files of the two agencies were still open and that the disclosure of the contents of the files could indeed be reasonably expected to interfere with ongoing enforcement proceedings, to constitute an unwarranted invasion of personal privacy and possibly to disclose the identity of a confidential source of information.
 
 
 7
 Exemption 7 of 5 U.S.C. Sec. 552(b) provides in pertinent part that the following matters are exempt from disclosure under the FOIA:
 
 
 8
 (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation....
 
 
 9
 In accordance with what has become standard practice in these cases the FBI filed a "Vaughn Index" ( see Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977 (1974), in which each of the evidentiary items in question was listed together with the claimed statutory exemption for the refusal to release them. Upon consideration of this list and the agents' affidavits showing that the files of the respective investigative agencies were still open the district court held that the records and information compiled for law enforcement purposes could reasonably be expected to interfere with ongoing enforcement proceedings and that the requested records and information were therefore exempt under Exemption 7(A). Inasmuch as the FBI had fairly described the content of the material withheld and its stated grounds for non-disclosure which were reasonable and consistent with applicable law, the court was entitled to accept the credibility of the affidavits in the absence of any reason to question the good faith of the agents who made them. See Spannaus v. United States Department of Justice, 813 F.2d 1285 (4th Cir.1987). We therefore perceive no error in the district court's ruling in this respect.
 
 
 10
 Guided by the principle enunciated in Davis v. United States Department of Justice, 968 F.2d 1276, 1279-80 (D.C.Cir.1992), the district court found that plaintiff had failed to meet the burden of identifying specific documents and other items of evidence that had actually been disclosed in the state court civil action. In an effort to meet this burden plaintiff had introduced a list of exhibits from the civil trial and portions of an FBI agent's deposition given in that action, but the district court held that "[a]ll that appears in the record so far is that some of the witnesses presented live testimony at the civil trial. That by itself does not entitle plaintiff under the Freedom of Information Act to all the 302's [witness statements] and all other matters that may have been generated in connection with these witnesses." (JA 943-944.) The court rejected as a basis for waiver the assertion by plaintiff that "all the information in the FBI files was shared with the civil plaintiff," holding instead that the plaintiff had the burden of satisfying that specific documents were in the public domain.
 
 
 11
 Having failed to carry this burden, the district court granted summary judgment to the FBI with two exceptions: (1) that the FBI release the autopsy report which it had determined from the exhibit list offered by the plaintiff was disclosed in the civil trial and (2) that the FBI was required to compare references in its agent's deposition to the FBI files to determine whether it could specifically identify any of the documents as having been disclosed in the deposition. (JA 957-958.)
 
 
 12
 The FBI promptly produced the autopsy report and five other reports to which reference had been made in its agent's deposition, but because it was unable to match with certainty two references in the deposition to photographs in its files, it did not undertake to comply with the district court's directive in this respect. Plaintiff thereupon filed a motion to compel, but while the motion was pending this appeal was filed and the district court denied the motion to compel.
 
 
 13
 While FOIA exemptions are to be narrowly construed in favor of disclosure, J. P. Stevens Company v. Perry, 710 F.2d 136 (4th Cir.1983), this court's review of the district court's findings in these cases is limited. Willard v. Internal Revenue Service, 776 F.2d 100, 104 (4th Cir.1985). In this case the district court, having carefully reviewed the documents in question in the light of the claimed exemptions, relied on the sworn affidavits of the agents of the FBI and the FCPD in holding that the FBI had met its burden of showing that the evidentiary items in question were exempt from disclosure. Our own de novo review of the record has served to convince us of the correctness of the district court's ruling.* Accordingly, the judgment appealed from is
 
 
 14
 AFFIRMED.
 
 
 
 *
 In the one instance in which the agency relied on Exemption 7(D) in withholding the identity of a person who had lodged a civil rights complaint against Dr. Davoudlarian the appellant correctly cited the recently decided case of Department of Justice v. Landano, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), for the principle that the agency can no longer rely on a universal presumption of implied confidentiality but must make a particularized showing concerning the circumstances giving rise to an inference of confidentiality, and in response the appellee suggested that "the better course would be to remand this document to the district court to permit the FBI to make the more particularized showing" (Appellee's Brief p. 35). In view of the fact that this document, which in redacted form was furnished appellant (J.A. 315), was located in a file entirely unrelated to the murder case and would be of no apparent use to appellant in "clearing his name," the court has concluded to reject appellee's suggestion but without prejudice to appellant's right to renew his request for the complete document